The opinion of the Court was delivered by
Tilghman C. J.
It is assigned for error, 1st, « That the indictment is defective, in not mentioning the township in which the defendant resided, when the offence was committed.” This is said to be necessary, because the fine for adultery is to be divided between the Commonwealth, and the supervisors of roads of the township. By the act of 31st March, 1772, the fine was to be divided between the governor, and the overseers of the poor of the township, where the offender resided at the time of committing the offence. But in the place of the overseers of the poor, the supervisors of roads were substituted, by the act for erecting a poor house in Franklin county, passed 11th March, 1807. It is not necessary, however, that the township should be laid in the indictment, because the Court may ascertain the place of the defendant’s residence, otherwise than by the verdict of the jury. There is no error therefore in omitting it.
2. The second error assigned, is in the judgment for costs. It is contended on behalf of the Commonwealth, that the *451 right to the costs was vested in the officers to whom they were due, and therefore, the governor neither intended, nor had he power to remit them. If the right was vested in the officers, I agree that the Governor had no power to affect their right. But whether the right was vested, is the question. And I take it, that it was not vested before judgment, and when the defendant pleaded his pardon, judgment ought not to have been given. Thus is the law laid down in Cro. Car. 9. and 199, “ Costs for which judgment has been given, are not remitted by a pardon of the offence, subsequent to the judgment, because there was an interest vested in private persons.”
3. The third error assigned, is in the order respecting the support of the bastard children. This order is in the usual form, and the only question is, whether after pardon, the Court had a right to make it. Where there are several of-fences, the governor may pardon one, and not the other, and where the punishment is divided into distinct parts, he may remit a part. Bastardy cannot properly be called a different offence from adultery. The bastard is begotten in the act of adultery, and his birth is the consequence of it. But the punishment of adultery, and the order to maintain the child, are quite different things. A fine and imprisonment are in- . flicted as the punishment of the crime, the order for maintenance is intended for the enforcement of a moral duty, and the protection of the public from expense. There may be propriety therefore in remitting the punishment, when it would be improper to dispense with the maintenance. The pardon in question, is of the adultery, but no mention is made of the expense' of maintenance; and they are things of so different a nature, that one cannot be said to be included in the other. The order for maintenance, is collateral to the judgment for adultery. The Court therefore might proceed to make the order, although they could not lawfully give the judgment. If the order were part of the judgment, the pardon would have stopt all further proceedings, nor perhaps, would it be in the power of this Court to reverse the judgment for costs, without reversing the order for maintenance, because if was decided, in the case of Jackson v. The Commonwealth, 2 Binn. 79, (where the defendant was sentenced on a conviction of adultery, to pay a fine of one hundred and fifty dollars, and to be imprisoned three months at hard la- *452 hour,) that the judgment could not be reversed in part, and affirmed in part. I give no opinion, however, on this point, for it may deserve further consideration, whether, even in a criminal case, the judgment may not be reversed as to costs, and affirmed as to the rest, or vice versa. In the present case, I consider the order for maintenance, as altogether distinct from the judgment for costs, and am therefore of opinion, that the judgment for costs should be reversed, and the order for expenses and maintenance, affirmed.
Judgment for costs reversed, and order of maintenance affirmed.