Duncan J
This is a rule on the Commissioners to shew cause why a mandamus should not be issued against them, compelling them to draw their order on the County Treasurer for the sum of four dollars, accrued to the relator as Prothonotary, on a suit on a forfeited recognisance, which had been sued in the name of the Commonwealth, for the use of the County Commissioners, but which had never been collected, and could not be collected.
The case of the relator presents a claim of much equity; On principles of natural justice, every one who performs services, at the request and for the benefit of another, should receive a due compensation. The plaintiff, in every civil action, is eventually liable to the officers for the fees prescribed by law ; for, in the contemplation of the law, he is supposed to have paid them as the action proceeded. Hence it is, that the award of execution is for all the costs to the plaintiff, “ by him about his suit in that behalf expended.’’ The Commonwealth is not liable for costs on her own prosecutions, whether civil or criminal. This exemption, whether it be called prerogative or privilege, is founded on.the sovereign character of the State, amenable to no judicial tribunal, subject to no process. Such was the decision of this Court in The Commonwealth v. yohnson’s executrix. 5 Serg. Ss?Rawle, 195. Butif this had beenamere civil action, as is contended *154 by the relator, debt for a sum in numero, in which the State wag pUrejy a nominal party, the county her grantee, I can see no good reason why the Court' would not look to the real party on the record, the assignee of the State, as they would w^ere, on a bond irregularly assigned, the action was in the name of the obligee, for the use of the assignee, and compel jjjm tQ pay costSi or as they do in all official bonds sued in the.name of the Commonwealth, for the use of parties aggrieved. This sovereign privilege of the State is not communicated nor communicable to those vvho sue in her name and for their ozvn exclusive benefit, the action not being hers, nor under her control. Nor is it in the power of any Court o.r executive magistrate either to remit or mitigate the debt or-duty owing to the person for whom, by the law, the'State stands as a mere naked trustee, without authority and without interest. In suGh case, the relator would be entitled: but this is not a just view of the subject. There is here no grant of the recognisance to the county, because that would interfere with the constitutional rights of the Governor, and would restrain the power of mitigation or remission vested.in ■the Court in which the recognisance is forfeited, which is re-, served to them ;.but a bare appropriation of the money, when collected on the recognisance, to the use of the county. But what is decisive is this ; The action on the recognisance was not a civil action for a numerical sum, but one of a criminal nature; an instrument to, coerce the appearance of the accused to take his trial, — a power incident to every criminal Court, a pow;er to commit to prison, to deliver on the recognisance, into the custody of the bail '; these manucaptors being his jailors, and he constantly in a state of commitment. The jurisdiction of the offence, which is the principal, involves the power over the accessary, which is the com ,;itment; and that being a matter of a criminal nature, draws after it all its incidents and consequences ; and though the action is not directly to punish the offender, yet it partakes of punishment for an offence against the State, and is not in the nature of a violation of a contract. Besides, a recognisance is a matter of record, and, when forfeited, it is in the nature, in some respects, of a judgment of record. The process on it, whether scire facias or summons, is rather judicial than original; and is for the purpose of carrying the *155 judgment into effect. It is no further to be reckoned ,an original suit, than that the defendant has a right to plead to it. It is founded on the recognisance, partakes of its nature, • r • ■ ri-i must be considered as flowing from it, and, when final judgment is given, the whole is to be taken as one record. These principles are all acknowledged in The Commonwealth v. Cobbet, 2 Yeates, 352. That was an action of debt on a recognisance for good behaviour. The defendant filed a petition, as an alien, to have the cause removed to the Circuit Court of the United States, for this District. This was disallowed on the ground that it was not a suit of a civil nature j the counsel for the defendant admitting, that had the recognisance been to enforce an appearance to answer an indictment, the action would be deemed of a criminal nature. If the county was in debt to the cognisors, this could not be defalked, because the action is not a civil action, and because there is no debt due to the county. Costs are not of common law origin. Where there is no Statute giving costs, none are payable, and where they are given, the Statute dedares by whom they are to be paid, and many burthensome duties are thrown on officers without any allowance. Here there is no Act imposing costs on the State, and when the Legislature directed the money, when collected, to be paid into the county treasury, it left the proceedings on the recognisance in all other respects unenlarged. When the money is collected, the right of the county first attaches. The county and the county officers have no control over the action. The recognisance is not granted to the county; the county is not the assignee of the State j it can neither release the action, nor mitigate or remit the forfeiture. The power is lodged elsewhere. The Court have such discretionary power. It is very properly entrusted to them. When the accused is surrendered, or appears voluntarily, and-takes his trial, all the purposes of the recognisance being answered, the Court may exercise a discretion. The appropriation could not deprive the Governor of his constitutional power over the recognisance, because the money is not the money of the county until collected.
The Act of 1821, making it the duty of the officers to perform the requisite services without fee, unless the money on the recognisance is collected, has been invoked by both *156 parties; the counsel for the relator contending, that it required a positive enactment to exempt the county from the payment of fees in futuro ; and that this is tantamount to a legislative declaration that for past services the county was liable: while the Commissioners contend that it is a plain declaration that the officers never were entitled. But this law, though it puts down all future claims, leaves the past claims just as it found them ; neither taking from the officers any vested right they had under the law as it stood when the fees accrued, nor giving them any new right for past services.
If the action on the recognisance is a criminal one, as it has been decided to be, this case would be governed .by the opinion given by the Chief Justice in Irwin v. The County Commissioners, 1 Serg, & Rawle, 505, who observes that “ criminal actions were formerly prosecuted in the name of the King who paid no costs. Upon the revolution, the Commonwealth stood in the place of the King, and therefore was not liable for costs, except when so directed by the Act of Assembly. Suppose then, for argument’s sake, that the county is substituted for the Commonwealth, the Commissioners who represent the county would not be liable, except when the Commonwealth would have been liable As the Commonwealth were not liable for costs on forfeited recognisances, if it were true that the county now stands as the State’s substitute, the Commissioners on this principle would not be liable.
As the law stood when these fees accrued, the county is not liable, and the rule must be discharged.
Rule discharged.