## The Commonwealth *against* Denniston.

A recognizance conditioned for the appearance of a defendant charged with a criminal offence, may be remitted by the governor, after forfeiture and a judgment upon it, for the use of the county.

ERROR to the common pleas of *Allegheny* county.

The Commonwealth, for the use of the County of Adams, against Charles C. Denniston.

The defendant entered into the recognizance upon which this suit was brought, in the court of quarter sessions of Adams county, in the sum of 2000 dollars, conditioned for the appearance of a person charged with larceny; the recognizance was forfeited, and this suit brought and a judgment confessed upon it by the defendant; after which the governor, by his letters patent, remitted the forfeiture. The parties stated a case to raise the question whether the governor had the power to remit it; and the court below (Dallas, president,) decided that he had.

*Findlay,* for plaintiff in error, cited 4 *Serg. & Rawle* 451; *Cro. Eliz.* 199.

*Eyster,* for defendant in error, cited 8 *Serg. & Rawle* 151; 2 *Yeates* 352; 2 *Dall.* 308.

The opinion of the court was delivered by

ROGERS, J.—If the right to the money secured by the judgment on the recognizance was a vested right, the governor had no power to remit it. But the question is, was it so vested? In King & Codington v. Reedman, *Cro. C.* 199, it is held, that the costs for which a judgment has been given are not remitted by a pardon of the offence subsequent to the judgment: and the reason is, that there was an interest in private persons; but in every other respect, as is there held, the pardon operated as a discharge. And such is the force of a pardon, that even in the case of costs they are discharged

[The Commonwealth v. Denniston.]

by a pardon before judgment. Case *v.* Duncan, 4 *Serg. & Rawle* 451. In one case it was made a matter of complaint against the executive of the United States that he remitted a fine and ordered it to be returned to the party after the money had been paid; but it never occurred to any person to question his right to remit the fine before it had been paid, or had reached the treasury of the United States. And such has been the uniform practice since the foundation of the government. Nor does the act of the 24th of March 1818 put the country in a different position. The right of the governor rests upon the constitution, for by that instrument he has power to remit fines and forfeitures, and grant reprieves and pardons, except in cases of impeachment: and that right the legislature can neither abridge nor impair. The act puts the counties as the recipients of the money arising from fines and forfeitures, in the place of the commonwealth. The fines are estreated into the offices of the commissioners of the respective counties, and the commissioners are bound to superintend their collection, and when collected to apply them to county purposes. But until the money is collected and paid into the treasury, the constitutional right of the governor to pardon the offender and remit the fine or forfeiture remains in full force. They can have no more vested interest in the money than the commonwealth under the same circumstances would have had, and it cannot be doubted that until the money reaches the treasury, the governor has the power to remit. In the case of The Commonwealth *v.* The County Commissioners, 8 *Serg. & Rawle* 155, the principle is recognized on the authority of The Commonwealth *v.* Cobbett, 2 *Yeates* 352, that a recognizance is a matter of record, and when forfeited it is in the nature of a judgment of record; and when judgment is given, the whole is taken as one record. The right, therefore, of the governor to remit, cannot be affected by proceeding to judgment on the recognizance, as the nature of the recognizance remains the same after as before the judgment. Sometimes the sentence of the court is that the party in default be fined as well as imprisoned, and it would be a distinction the reason of which would not be very obvious, to give power to the governor to remit the imprisonment, but deny him the right to remit the fine, upon the pretence that the right to the money was vested in the county. In the case of costs, private persons are interested in them; but as to fines and forfeitures, they are imposed upon principles of public policy. The latter, therefore, are under the exclusive control of the governor, and the legislature have as little power as inclination in any manner to interfere with his constitutional rights.

Judgment affirmed.