### PLAYFORD *v.* THE COMMONWEALTH.

Sentence to pay costs of prosecution may be passed, though there be a general *pardon* after verdict.

IN error from the Quarter Sessions of Fayette county.
        *Oct.* 27.    On the 4th of June, 1844, plaintiff in error was found guilty, on an indictment for an assault and battery.    On the 1st of November, he was pardoned by the Governor.    On the 2d of December, this pardon was filed in the court.    On the 4th of June, 1845, the defendant was sentenced to pay the costs of prosecution. This sentence, after pardon, was the error assigned.

*Howell*, for plaintiff in error.—There being no judgment, the costs as well as the other consequences of the crime, were included in the pardon, Duncan *v.* The Commonwealth, 4 Serg. & Rawle, 449. That it was treated as if pleaded, is apparent, from the fact that there was no other punishment awarded for the offence.

*Veech*, contrà.—There must be a plea of the pardon to entitle the party to its benefit. 4 Bl. Com. 402 ; Bac. Abr. tit. *Pardon*, (G.) 2 ; 1 Ch. C. L. 466. The mere filing of the pardon does not make it part of the record. Hines *v.* Barnitz, 8 Watts, 39.

*Oct.* 31. PER CURIAM.—The point before us was ruled in Duncan *v.* The Commonwealth, 4 Serg. & Rawle, 449, on grounds which we see no reason to question, and feel no disposition to disturb.                                                   Judgment affirmed.