## The Commonwealth *versus* Shick.

1. A forfeited recognisance of bail for failure of the principal to appear to a criminal charge is a debt to the Commonwealth, to which she alone has title until a distribution under the Act of April 22d 1846.

2. The power of the governor to remit is as great after judgment on a forfeited recognisance as before, until the money has been paid into the treasury.

3. The costs of prosecution are vested by the sentence in those entitled to them, and pardon does not extinguish their right.

February 9th 1869. Before THOMPSON, C. J., AGNEW and WILLIAMS, JJ. READ, J., at Nisi Prius. SHARSWOOD, J., absent.

Error to the Court of Quarter Sessions of *Philadelphia:* No. 219, to January Term 1869.

An action of debt on a forfeited recognisance, at the suit of The Commonwealth of Pennsylvania, upon the suggestion of Andrew Hanstetter, was instituted December 4th 1868, against J. M. Kaumheimer, principal, and C. Shick, surety, in the Quarter Sessions of Philadelphia. Shick only was served. Judgment was there entered for defendant on demurrer. On error, this judgment was reversed by the Supreme Court, judgment entered for the Commonwealth against Shick and the record remitted. Execution was issued against Shick and his property levied on. The governor remitted the forfeiture, and the court below set aside the execution. This was assigned for error on removal of the case to the Supreme Court by Hanstetter, the prosecutor.

[Commonwealth v. Shick.]

*J. S. Tennery*, for the plaintiff in error, cited Shoop v. Commonwealth, 3 Barr 126; Commonwealth v. Denniston, 9 Watts 142; Howel v. James, 2 Strange 1272; King v. Rodman, Croke Car. 199; Acts of July 30th 1842, §§ 25, 26, Pamph. L. 454; April 22d 1846, § 6, Pamph. L. 477, Purd. 478–480, pl. 14, 16, 28.

*T. Mullen* and *B. Woodward*, for defendant in error, referred to Acts of 1842 and 1846; Commonwealth v. Shoop, Commonwealth v. Denniston, *supra;* Constitution of Pennsylvania, Art. 2, § 9; Commonwealth v. Commissioners, 8 S. & R. 155; Commonwealth v. Cobbett, 2 Yeates 352.

The opinion of the court was delivered, February 23d 1869, by

AGNEW, J.—The right of Hanstetter, the prosecutor, to sue out this writ of error, depends on his interest in the recognisance, and this is the question to be determined on the 2d assignment of error. If he had a vested interest in the recognisance, the governor could not remit it, and he had a right to remove the proceedings which set aside his execution. But clearly he had none. The recognisance was that of bail forfeited for a default of his principal to appear to answer a criminal charge. It is a debt to the Commonwealth to which none but she or her representative, the county, has any title or claim until a distribution has taken place, under the Act of 22d April 1846: Bright. Purd. 1861, p. 480. The fact that judgment has been recovered on the recognisance makes no difference, the power of the governor to remit being as great after judgment as before it, until the money has been paid into the treasury: Commonwealth v. Denniston, 9 Watts 142. The costs of a prosecution for a criminal offence are vested by the sentence of the offence in the persons entitled to receive them, and a pardon does not extinguish their right to their costs: Duncan v. Commonwealth, 4 S. & R. 450–51; Ex parte McDonald, 2 Whart. 440. But the forfeiture accrued to the Commonwealth by the breach of the recognisance of bail is an independent debt. The recognisance was for the appearance of the defendant in the criminal prosecution to answer the charge, and not for the payment of fine or costs; and it is, consequently, no security for either, except when ordered to stand so on a remission to the party which the law authorizes the court to make, or when decreed in distribution under the Act of 1846. We do not know from the paper-books whether the defendant in the criminal prosecution was ever tried and sentenced, and the costs even in his case could be remitted before sentence: Duncan v. Commonwealth, *supra.* The judgment for the Commonwealth on the recognisance has not altered the state of the forfeiture, or deprived the governor of his constitutional power to remit it.

The judgment or order of the court below is therefore affirmed.