## Case No. 14,899.

UNITED STATES v. CULLERTON et al.

[8 Biss. 166;[1] 24 Int. Rev. Rec. 68.]

Circuit Court, N. D. Illinois. Feb. 1878.

INTERNAL REVENUE — ACTION UPON BOND — SENTENCE AS A BAR—PARDON.

1. Where a distiller is indicted for violation of the internal revenue laws, his conviction and sentence for such violations is not a bar to such action, unless the sentence is actually fulfilled—if a fine by payment, and if imprisonment, by serving out the term.

2. A pardon is an effectual satisfaction of such sentence, and also operates as a complete release of the sureties on the bond from all liability for the same acts or breaches of duty charged in the indictment.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.].

This is an action of debt upon a bond given by the defendants [Edward F. Cullerton and others] conditioned for the faithful performance by defendant Cullerton of his duties in the office of internal revenue gauger for the First collection district of this state, to which he had been duly appointed. The bond bears date the 23d day of December, 1874. Ten breaches of this bond are assigned in the declaration:

[1. That on the 1st day of February, 1875, while Cullerton, as such gauger, was assigned to duty at the distillery of Dickinson, Leach and Co., he permitted a large quantity of spirits, produced at said distillery, to wit: ten thousand proof gallons to be removed to some place other than the distillery warehouse, without payment of the tax thereon imposed, whereby the United States was defrauded of said tax.

[2. That on the 10th day of February, 1875, while acting as such gauger and while assigned for duty at said distillery, said Cullerton did conspire with said Dickinson, Leach and others to defraud the United States of the tax on a large quantity of spirits produced at said distillery, by means of which conspiracy a large quantity of said spirits were removed from said distillery without payment of the tax, whereby the United States was defrauded of the tax imposed by law on said spirits.

[3. That on the 1st day of March, 1875, while said Cullerton was assigned to duty at said distillery as such gauger, said Dickinson and others did unlawfully remove therefrom a large quantity, to wit: ten thousand gallons of spirits, produced at said distillery, without payment of the tax thereon; and that Cullerton had knowledge of such removal, and failed and neglected to report such removal to the collector of internal revenue for said district, whereby the tax on said spirits was wholly lost to the United States.

[4. That on the 10th day of March, 1875, while Cullerton was assigned to duty as such gauger at said distillery, said Dickinson and others unlawfully removed a large quantity of spirits from said distillery without payment of tax, to wit: ten thousand gallons; and that, although Cullerton had knowledge of the intended removal and eloigning of said spirits from said distillery, he omitted to give notice thereof to the collector of said district, whereby, etc.

[5. That on the 20th day of February, 1875, while Cullerton was assigned to duty as such gauger at said distillery, a large quantity, to wit: ten thousand gallons of spirits were removed from said distillery without payment of the tax, by and with the connivance and collusion of said Cullerton, whereby the United States were defrauded, etc.

[6. That on the 1st day of April, 1875, while assigned to do duty as such gauger at the distillery of the Illinois Distilling Company, he did permit divers persons to remove from said distillery a large quantity, to wit: ten thousand gallons of spirits there produced without payment of the tax imposed thereon, whereby, etc.

[The seventh, eighth, ninth, and tenth breaches are like the second, third, fourth, and fifth, with the exception that they charge the spirits to have been removed from the distillery of the Illinois Distilling Company.] [2]

To this the defendants plead two special pleas:

First—That on the 11th of February, 1876, Cullerton was indicted by the grand jury of the district court of this district for the same identical acts of misconduct assigned in said declaration as breaches of said bond. That he was afterwards duly arraigned in said court and pleaded "Not guilty" to said indictment, and afterwards, to-wit: on the 12th day of June, 1876, he was duly tried on said indictment before said court and a jury, and by the verdict of said jury found "Guilty" on the fourth count of said indictment and "Not guilty" as to all the other counts and charges therein. On which verdict said court, afterwards, to-wit: on the 21st day of July, 1876, gave judgment and sentenced said Cullerton to pay a fine of one thousand dollars, and to be imprisoned in the jail of Cook county, Illinois, for the term of six months, and to pay the costs of said prosecution—which said judgment has not been reversed, etc.

Second—That after the trial, conviction, and sentence of said Cullerton as set forth in the first special plea, to-wit: on the 3d day of August, 1876, the president of the United States wholly pardoned and released said Cullerton from the offenses, causes of action and penalties alleged in the said several breaches in said declaration on condition that said Cullerton would pay the said fine of one thousand dollars and the costs of said prosecution. And avers that said Cullerton duly accepted said pardon, and paid said fine and costs long before the commencement of this suit.

To these two pleas the district attorney filed a general demurrer.

Mark Bangs, U. S. Dist. Atty.

C. H. Reed, for defendants.

BLODGETT, District Judge. The only question is, whether these two pleas present an answer to the action.

The first plea of indictment, trial, conviction and sentence for the same offenses under the criminal clauses of the statute prescribing the duties and punishments of officers of the internal revenue department, raises the question whether the government can have a remedy upon the officer's bond after prosecuting and convicting him criminally.

I take it that there can be no doubt but that an acquittal under a criminal proceeding would be a bar to an action on the bond for damages for the same breaches of duty charged in the indictment. So that it is only necessary to ask whether the conviction

[2] [From 24 Int. Rev. Rec. 68.]

for neglect of duty under the fourth count of the indictment is a bar to this suit for damages on the bond for the same negligence —the plea containing apt averments that the breaches for negligence assigned in this suit are the same as charged in the fourth count of the indictment.

A reference to the indictment pleaded in this case shows that it was based upon section 3169 of the Revised Statutes, and the acts of misconduct alleged in the declaration are substantially the same for which penalties are provided in this section.

The section reads as follows:

"Every officer or agent appointed and acting under the authority of any revenue law of the United States—

"First—Who is guilty of any extortion or willful oppression under color of law; or, second—Who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty; or, third—Who willfully neglects to perform any of the duties enjoined on him by law; or, fourth—Who conspires or colludes with any other person to defraud the United States; or, fifth—Who makes opportunity for any person to defraud the United States; or, sixth—Who does or omits to do any act with intent to enable any other person to defraud the United States; or, seventh—Who negligently or designedly permits any violation of the law by any other person; or, eighth—Who makes or signs any false entry in any book, or makes or signs any false certificate or return, in any case where he is by law or regulation required to make any entry, certificate or return; or, ninth—Who, having knowledge or information of the violation of any revenue law by any person, or of fraud committed by any person against the United States, under any revenue law, fails to report, in writing, such knowledge or information to his next superior officer and to the commissioner of internal revenue; or, tenth—Who demands or accepts, or attempts to collect, directly or indirectly, as payment or gift, or otherwise, any sum of money or other thing of value for the compromise, adjustment, or settlement of any charge or complaint for any violation or alleged violation of law, except as expressly authorized by law so to do, shall be dismissed from office, and shall be held to be guilty of a misdemeanor, and shall be fined not less than one thousand dollars, nor more than five thousand dollars, and be imprisoned not less than six months nor more than three years. The court shall also render judgment against the said officer or agent for the amount of damages sustained in favor of the party injured, to be collected by execution. One-half of the fine so imposed shall be for the use of the United States, and the other half for the use of the informer, who shall be ascertained by the judgment of the court."

It will be seen that under this law the court is required to render judgment against the officer or agent for the amount of damages sustained in favor of the party injured, to be collected by execution.

Every gauger is required by law (section 3156) to give bond in a penal sum not less than five thousand dollars, conditioned for the faithful performance of his duties under the law and regulations. And I am of opinion that it is not a good plea to a suit on this bond to allege an indictment, conviction and sentence under section 3169, or any other section prescribing penalties for violation of duty as such officer, unless there is an averment of satisfaction of the judgment. If a fine, by payment—if imprisonment, by serving out the term of sentence.

If the government elects in case of breach of duty to prosecute its dishonest officer by indictment instead of proceeding on the bond for damages, and obtains a conviction and satisfaction of the judgment, I think it would be barred from proceeding on the bond for the same delinquencies; but until the judgment in the criminal proceeding is satisfied, I think the intent of the law would be to reserve to the government the right of action on the bond for the damages.

It may be true, as contended in the argument, that where a statute provides a remedy by indictment and also by a civil action in behalf of the government against an officer for violation or neglect of duty, and the government proceeds by indictment, that this is a bar to the civil suit. But this statute is peculiar and I think it was the evident intention of congress that an officer violating its provisions should be liable criminally and civilly, or at least, that his civil liability should not be discharged until he had satisfied whatever judgment might be rendered against him in a criminal proceeding.

I am, therefore, of opinion that the demurrer to the first special plea is well taken.

The second plea alleges an executive pardon after conviction on the fourth count of the indictment, and the plea avers the conviction and judgment to have been for the same identical acts of misconduct charged as breaches of the bond.

"A pardon in a legal sense is a remission of guilt." 1 Bish. Cr. Law, 898.

Lord Coke says: "A pardon is a work of mercy, whereby the king either before attainder, sentence or conviction, or after, forgiveth any crime, offense, punishment, execution, right, title, debt, or duty, temporal or ecclesiastical." 3 Inst. 233.

"A pardon is an act of grace proceeding from the power intrusted with the execution of the laws; which exempts the individual on whom it is bestowed from the punishment the law inflicts for the crime he has committed." Per Marshall, C. J., U. S. v. Wilson, 7 Pet. [32 U. S.] 160.

"The effect of a full pardon is to absolve the party from all the legal consequences of

his crime, and of his conviction, direct and collateral, including the punishment, whether of imprisonment, pecuniary penalty, or whatever else the law has provided." 1 Bish. Cr. Law, 916.

In Ex parte Garland, 4 Wall. [71 U. S.] 380, the supreme court of the United States says: "A pardon extends to every offense known to the law, and may be exercised at any time after its commission, either before legal proceedings are taken or during their pendency; or after conviction and judgment."

"A pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and when the pardon is full, it releases the punishment, and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense. If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction from attaching. If granted after conviction, it removes the penalties and disabilities, and restores him to his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity."

So, Blackstone says: "The effect of a pardon is to make the offender a new man; to acquit him of all corporal penalties and forfeitures annexed to the offense for which he obtains his pardon, and not so much to restore his former as to give him a new credit and capacity." 4 Black. 402.

One of the "legal consequences" of the violations of duty charged in this declaration is the liability to an action on this officer's bond, which he had given for the faithful performance of his duty; and I apprehend there is hardly room for a doubt that a full pardon —and the pardon here pleaded, when accepted and its conditions complied with, is a full pardon—releases its recipient from all the penalties attached to his offense. He is legally excused, and the offense wiped out against him.

It can hardly require argument to prove that if the executive has by the pardon pleaded remitted the legal consequence of Cullerton's official derelictions, no suit can be maintained against him or his sureties for those derelictions. All the remedies of the government against him, both on his bond and by indictment, are released, and he stands purged of these offenses as fully as if the offenses had not been committed.

The law goes so far as to hold that the right of a private person to a share of a penalty by reason of his being an informer, or having instituted a prosecution under a penal law, is released by a pardon unless actually vested by judgment. Holliday v. People, 5 Gilman, 214; Cope v. Com., 4 Casey [28 Pa. St.] 297; Com. v. Denniston, 9 Watts, 142.

The case of U. S. v. McKee [Case No. 15,-688], lately tried in St. Louis before the United States circuit court for the Eastern district of Missouri, Mr. Justice Miller presiding, was almost precisely parallel to this in its main facts, and there the pleas of former conviction and punishment and of pardon were held to be a complete answer to a suit for the same offenses.

In the case at bar the plea avers that the misconduct alleged in the declaration is the same as that for which the defendant Cullerton had been convicted, and for which he had been pardoned. The government may, of course, take issue on this averment, and if the offenses for which this officer was pardoned are not the same as those alleged in the declaration, perhaps this suit may be maintained. It may be that when the government has proceeded against an officer by indictment for misfeasance, malfeasance or nonfeasance in his official duty, the presumption would be that all his official derelictions up to the time of the finding of the indictment had been charged, and that it could not afterwards indict or sue for acts committed prior to the indictment when a judgment had been given adverse to the government, or when it had obtained a conviction and satisfaction; but the question does not arise and need not be decided at this time.

The demurrer is sustained as to the first plea, and overruled as to the second.