UNITED STATES v. ALEXANDROFF et al.

(District Court, E. D. Pennsylvania. November 19, 1906.)

No. 2.

BAIL—FORFEITURE OF RECOGNIZANCE—DISPOSITION OF PROCEEDS.

The proceeds of a forfeited bail bond given to the United States to secure the appearance of a person discharged from custody by a District Court on a writ of habeas corpus, pursuant to an order made by such court on the allowance of an appeal, belong to the United States; and, in the absence of any statute authorizing it, the court has no power to apply the same to the payment of the costs awarded to the adverse parties to the proceeding by the appellate court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Bail, § 424.]

J. Whitaker Thompson and Walter C. Douglas, Jr., for the United States.

John F. Lewis, for Russian vice consul.

HOLLAND, District Judge. This is a petition of the vice consul of Russia at Philadelphia to the court for an order to pay the amount of a forfeited recognizance to him on account of a bill of costs incurred on an appeal on a writ of habeas corpus.

It appears that in the spring of 1900 Leo Alexandroff, a Russian, under contract to serve on a ship then being built at Cramp's Shipyard, in the city of Philadelphia, deserted. He was arrested at the instance of the Russian vice consul and committed to the county prison. He sued out a writ of habeas corpus against Robert C. Motherwell, Jr., keeper of the Philadelphia county prison, and Capt. Vladimir Behr, master of the Russian cruiser upon which Alexandroff was to serve his government. The case was heard by the district judge here, and Alexandroff was discharged. Counsel for the respondents to this writ of habeas corpus asked leave to appeal to the United States Circuit Court of Appeals, and this request was granted by the district judge, who at the same time required Leo Alexandroff to give bail in the sum of $200 for his appearance in the District Court, as stated in the bond, "within five days after the determination of the appeal, to answer and obey whatever final order or judgment shall be made in the premises, and not depart said court without leave." The Circuit Court of Appeals of the Third Circuit affirmed the order of the District Court, whereupon a certiorari to the Supreme Court of the United States was taken, and on January 13, 1902, the Supreme Court reversed the judgments of both courts below and remanded the case to the District Court for further proceeding. The mandate of the Supreme Court was filed here February 17, 1902, which mandate provides, inter alia, as follows:

"On consideration whereof, it is now here ordered and adjudged by this court that the judgment of the United States Court of Appeals and the judgment of the District Court of the United States for the Eastern District of Pennsylvania, in this cause, be, and the same are, hereby reversed, with costs, and that the said William R. Tucker, vice consul, etc., recover against the said Leo Alexandroff $169.55 for his costs herein expended, and have execution therefor."

The cause was remanded to the District Court for further proceedings consistent with the opinion of the court. The Supreme Court required that he should be returned to the Russian authorities. Alexandroff, however, failed to appear as he had agreed to do, and his bail bond was forfeited, and on July 15, 1903, the money, amounting to $200, was paid into court, where it still remains.

The respondents in this appeal incurred costs to the amount of $288.-75. They claim the proceeds of the forfeited bail bond of Alexandroff on account of these costs, and ask the court to make an order on the clerk to pay this money over to them. The proceeds which the vice consul asks to be paid to him were realized on a bail for appearance in court at a certain time. The bond was given by Leo Alexandroff and his sureties to the United States. They both acknowledged themselves indebted to the United States, conditioned for the appearance of Alexandroff at a certain time. It was not a bond to the respondents, making Alexandroff or his sureties in any way responsible to them to do any act on his part or pay any obligation, by way of costs, that they might incur. They had no interest in the bond. It was required of him by the district judge to guaranty his appearance to answer the judgment of the court as to surrendering himself to the Russian government. The United States could forfeit the bond and collect the money, or, through the President, could remit the forfeiture. Had Alexandroff appeared, nothing could have been collected by respondents on account of costs. The bond was not given for any purpose other than to secure his appearance, and, unless there is a constitutional or statutory enactment to the contrary, the proceeds of a forfeited bail bond, given for appearance in court at a time certain, belong to the government, to which the bond is given. U. S. v. Fanjil, Fed. Cas. No. 15,069; 5 Cyc. 155; Commonwealth v. Shick, 61 Pa. 495; McCool v. Smohe, 2 Pears. 18; Commonwealth et al. v. Winpenny, 2 Pears. 107; Sadler's Criminal Procedure, § 201.

The petition, praying that the proceeds of this forfeited recognizance be paid to the petitioner on account of his claim for costs, is dismissed.